UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CORE BRANDS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DESIGNER AUDIO VIDEO, ) <br> DEPENDABLE AUDIO, ELECTRONIC ) <br> DROP SHIP INC., ELEGANT ) <br> ELECTRONICS, INC., CONSUMER AV ) <br> GROUP, INC., THE HOUSE OF AUDIO ) <br> NJ, INC. AND JOHN DOE, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 1:16-cv-11830 |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff Core Brands, LLC ("Plaintiff" or "Core Brands") by and through its undersigned counsel, complains of Defendants Designer Audio Video ("Designer AV"), Dependable Audio ("Dependable Audio"), Electronics Drop Ship Inc. ("Electronics Drop Ship"), Elegant Electronics, Inc. ("Elegant Electronics"), Consumer AV Group, Inc. ("Consumer AV"), The House of Audio NJ, Inc.'s ("House of Audio" and collectively, "Defendants") conduct and alleges upon information and belief as follows:

### NATURE OF THIS ACTION

1. This is an action for trademark infringement including unfair competition and counterfeiting under the Lanham Act, 15 U.S.C. § 1051, et seq. as well as unfair trade practices under G.L. c. 93A arising from Defendants' improper sales of Core Brands' products. Defendants' conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of Core Brands.

1

2. As a result of Defendants' actions, Core Brands is suffering a loss of the enormous goodwill that it has created in its trademarks and is losing profits from lost sales of products. This action seeks permanent injunctive relief and damages for Defendants' infringement of Core Brands' intellectual property rights.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

4. This Court also has supplemental jurisdiction over the breach of contract claim pursuant to 28 U.S.C. § 1367(a).

5. Defendants are subject to personal jurisdiction in this forum because they misrepresented the authentic nature of products to residents of the Commonwealth of Massachusetts and this District; because Defendants have caused injury to Core Brands' trademarks in the Commonwealth of Massachusetts and this District; because Defendants practice the unlawful conduct complained of herein, in part, within the Commonwealth of Massachusetts and this District; because Defendants regularly conduct or solicit business within the Commonwealth of Massachusetts and this District; because Defendants regularly and systematically direct electronic activity into the Commonwealth of Massachusetts and this District with the manifest intent of engaging in business within the Commonwealth of Massachusetts and this District, including the sale and/or offer for sale of products to Internet users within the Commonwealth of Massachusetts and this District, as well as, upon information and belief, entry into contracts with residents of the Commonwealth of Massachusetts and this District through the sale of items through various online retail platforms.

6. Similarly, because some of Defendants' wrongful acts involved the offering for sale and sale of products that infringe Core Brands' trademarks, venue is proper in this judicial district under 28 U.S.C. § 1391.

**PARTIES**

7. Plaintiff Core Brands, LLC is a California corporation having its principal place of business in Petaluma, California. Core Brands delivers technology-driven products and solutions to end-users and its channel partners in residential and commercial markets in the United States. Core Brands' audio, power management and control products include, but are not limited to, ATON, BlueBOLT, ELAN, Furman, Korus, Niles, Panamax, Proficient, SpeakerCraft, Sunfire, and Xantech.

8. Defendant Designer Audio Video is an unauthorized reseller of Core Brands products. Designer AV resells a variety of electronics equipment and other products through a variety of online retail spaces including the domain designeraudiovideo.com (the "Designer AV Website"). The Designer AV Website does not list a physical address but directs customers to contact Designer AV through e-mail, sales@designeraudiovideo.com and telephone (631) 354-5162 & (888) 373-1779. The registration information for the Designer AV Website lists registrant address: RR 5472, New York, NY 11352, e-mail address: designeravonline@gmail.com. The seller's actual identity and address are presently unknown to Core Brands.

9. Defendant Dependable Audio is an unauthorized reseller of Core Brands products. Dependable Audio resells a variety of electronics equipment and other products through a variety of online retail spaces including the domain dependableaudio.com (the "Dependable Audio Website"). The Dependable Audio Website does not list a physical address but directs customers

3

to contact Dependable Audio through e-mail, sales@dependableaudio.com & customerservice@dependableaudio.com and telephone (888) 319-3257. The registration information for the Dependable Audio Website lists registrant address: 117 7th Avenue, New York, NY 10014, and e-mail address: dependableaudio@gmail.com. The seller's actual identity and address are presently unknown to Core Brands.

10. Defendant Electronics Drop Ship Inc. is an unauthorized reseller of Core Brands products. Electronics Drop Ship resells a variety of electronics equipment and other products through a variety of online retail spaces including the Designer AV and Dependable Audio Websites. Specifically, Electronics Drop Ship lists a return address of 2215 Springfield Avenue # 424, Vauxhall, NJ 07088 for products ordered through the Designer AV and Dependable Audio Websites. Despite this return address, at least one package shipped by Electronics Drop Ship originated from 34 Maple Street, Summit, NJ 07901.

11. Defendant Elegant Electronics, Inc. is a New York-registered corporation with registered address, PO Box 527686, Flushing, New York, 11352. Elegant Electronics is a prior registrant of the Designer AV Website. Upon information and belief, Elegant Electronics is involved with Designer AV.

12. Defendant Consumer AV Group, Inc. is a New York-registered corporation with registered address, 6 Windham Loop, Ste. 3A, Staten Island, New York, 10314. Upon information and belief, Consumer AV and/or its agents, employees, representatives, or associates were prior registrants of the Designer AV and Dependable Websites. Upon information and belief, Consumer AV is involved with Designer AV and Dependable Audio.

13. Defendant The House of Audio NJ, Inc. is a New Jersey-registered corporation with registered address 34 Maple Street, Summit, NJ 07901. House of Audio is a former

4

authorized Core Brands dealer. Upon information and belief, House of Audio is involved with Designer AV, Dependable Audio, and Electronics Drop Ship.

14. John Doe is the individual or entity that operates and does business as Designer AV, Dependable Audio, and Electronics Drop Ship including through the Designer AV and Dependable Audio Websites. The identity of John Doe is unknown to Core Brands at this time. Core Brands believes that information obtained in discovery will lead to the identification of John Doe. Core Brands will amend this Complaint to include the name and residence of John Doe once ascertained. For purposes of this Complaint, all allegations and claims asserted against Designer AV, Dependable Audio, and Electronics Drop Ship include and are asserted against the John Doe as well.

## FACTS GIVING RISE TO THIS ACTION

### A. Core Brands' Trademark Usage

15. The U.S. Patent and Trademark Office ("PTO") has issued several registrations for marks owned by Core Brands for use with audio and video products (hereinafter the "Core Brands Marks"). The Core Brands Marks include:

| Trademark | Registration No. | Registration Date | First Use in Commerce |
|---|---|---|---|
| NILES (logo) | 2797159 | 12/23/2003 | 1/5/1993 |
| **NILES** | 2788662 | 12/23/2003 | 1/5/1993 |
| NILES (logo) | 2720886 | 6/3/2003 | 1/5/1993 |

5

| | | | |
|---|---|---|---|
| SpeakerCraft (logo) | 3095367 | 5/23/2006 | 4/4/2005 |
| SPEAKERCRAFT | 3095378 | 5/23/2006 | 2/1/1979 |

16. True and correct copies of printouts from the PTO's Trademark Electronic Search System evidencing these registrations are attached hereto as Exhibit 1.

17. The Core Brands Marks have been in continuous use since at least 2005, including some since 1979.

18. These registrations are in full force and effect, and the Core Brands Marks are incontestable pursuant to 15 U.S.C. § 1065.

19. Core Brands has also acquired common law rights in the use of the Core Brands Marks throughout the United States.

20. Core Brands' federal trademark registrations were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of Core Brands' exclusive ownership of the Core Brands Marks.

21. Core Brands has invested many millions of dollars and has expended significant time and effort in advertising, promoting and developing the Core Brands Marks throughout the United States and the world. As a result of such advertising and promotion, Core Brands has established substantial goodwill and widespread recognition in its Core Brands Marks, and those marks have become associated exclusively with Core Brands and its products by both customers and potential customers, as well as with the general public at large.

22. To create and maintain such goodwill among its customers, Core Brands has taken substantial steps to ensure that products bearing its Core Brands Marks are of the highest

quality. As a result, the Core Brands Marks have become widely known and are recognized throughout the United States and the world as symbols of high quality products.

  **B.**  **Defendants' Infringing and Improper Conduct**

  23.  Defendants utilize online retail platforms including the Designer AV and Dependable Audio Websites.

  24.  Defendants list Core Brands products as "new" and often use Core Brands' copyrighted images in these listings. Core Brands has never authorized or otherwise granted Defendants permission for using these images.

  25.  In reselling Core Brands products, Defendants have removed labels on packaging where serial numbers/UPC information would normally be placed.

  26.  Defendants have also removed serial numbers from Core Brands products.

  27.  In the last ten months, Core Brands has sent no less than six letters via e-mail to Designer AV and Dependable Audio demanding that they cease selling Core Brands products and tampering with serial numbers.

  28.  Core Brands has received responses from both Designer AV and Dependable Audio but both defendants refuse to stop selling Core Brands products.

  **C.**  **The Likelihood of Confusion and Injury Caused by Defendants' Actions**

  29.  Removing and altering serial numbers from its products prevents Core Brands from being able to trace and identify those products. Such conduct interferes with Core Brands' ability to control the quality of products bearing the Core Brands Marks.

  30.  Additionally, removing or altering serial numbers voids any and all warranties offered by Core Brands, causing a customer to not receive a warranted product as he or she intended.

31. In addition, the sale of Core Brands products bearing the Core Brands Marks with altered serial numbers is likely to cause confusion among consumers regarding Core Brands' sponsorship or approval of those products.

32. The sale of Core Brands products by unauthorized resellers further interferes with Core Brands' ability to control the quality of products bearing the Core Brands Marks.

33. As a result of Defendants' actions, Core Brands is suffering a loss of the enormous goodwill it created in the Core Brands Marks.

34. Defendants are likely to continue to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Core Brands irreparable harm.

## COUNT I
### Trademark Infringement - Unfair Competition

35. Core Brands hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

36. The acts of Defendants alleged herein constitute the use in commerce, without the consent of Core Brands, of a reproduction, counterfeit, copy, or colorable imitation of the Core Brands Marks in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion or mistake, or to deceive consumers and therefore infringe Core Brands' rights in the Core Brands Marks, all in violation of the Lanham Act.

37. The acts of Defendants alleged herein constitute unfair competition in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion or mistake, or to deceive consumers and therefore infringe Core Brands' rights in the Core Brands Marks, all in violation of the Lanham Act.

38. Defendants' use and resale as "new" of the altered versions of products containing the Core Brands Marks is willful and intentional.

39. Defendants' infringing activities are likely to cause, are actually causing, and are willful and intended to cause, confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of such products and constitute trademark infringement.

40. As a direct and proximate result of Defendants' actions, Core Brands has suffered substantial damages. Core Brands is entitled to an injunction and to recover Defendants' profits, all damages sustained by Core Brands, treble those profits or damages, and the cost of this action, plus interest, which amounts are yet to be determined.

## COUNT II
**Trademark Infringement - Counterfeiting**

41. Core Brands hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

42. Defendants' sales of altered Core Brands products are likely to cause, caused, and are willful and intended to cause confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of such products, and constitute trademark counterfeiting under 15 U.S.C. 1114(1)(b).

43. As a direct and proximate result of Defendants' actions, Core Brands has suffered and continues to suffer substantial damages. Core Brands is entitled to an injunction and to recover Defendants' profits, all damages sustained by Core Brands, treble those profits and damages, and the cost of this action, plus interest, which amounts are yet to be determined.

44. As a direct and proximate result of Defendants' acts of willful trademark counterfeiting, Core Brands is entitled to recover, under 15 U.S.C. § 1117(c)(2), $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed by Defendants.

# COUNT III
## Unfair Trade Practices under Mass. Gen. Laws ch. 93A

45. Core Brands hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

46. Defendants' conduct business within the Commonwealth of Massachusetts.

47. By reason of the foregoing wrongful and infringing acts, Defendants have engaged, and continue to engage, in acts of unfair and deceptive competition in violation of Massachusetts law.

48. Such conduct on the part of the Defendants has caused and will continue to cause irreparable injury to Core Brands, for which Core Brands has no adequate remedy at law.

49. Such conduct on the part of the Defendants has caused and will continue to cause damage to Core Brands.

WHEREFORE, Core Brands requests that this Court:

A. Preliminarily and permanently enjoin Defendants, including all partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with them, from using the Core Brands Marks or any mark confusingly similar to the Core Brands Marks, whether alone or in combination with other words or symbols, and from any further infringement, unfair competition, and unfair trade practices.

B. Direct Defendants to pay Core Brands the actual damages and profits realized by the Defendants, and the costs and attorneys' fees incurred in pursuit of this action pursuant to 15 U.S.C. § 1117(a), Mass. Gen. Laws 93A § 11, or otherwise.

C. Direct Defendants to pay Core Brands statutory damages of $2,000,000.00 per

mark infringed.

D. Enter judgment that Defendants' acts of infringement have been knowing and willful.

E. Award Core Brands treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(b), Mass. Gen. Laws ch. 93A, § 11, or otherwise.

F. Order the recall, impounding and destruction of all goods, advertising or other items bearing infringing markings, pursuant to 15 U.S.C. § 1118, or otherwise.

G. Award Core Brands such further relief as this Court may deem just and proper.

## JURY TRIAL CLAIM

Core Brands claims a trial by jury on all issues so triable.

Respectfully submitted,

Plaintiff,

CORE BRANDS, LLC,

by its attorneys,

*/s/ Edward J. Mikolinski*
Michael R. Murphy (BBO # 671816)
michael.r.murphy@klgates.com
Edward J. Mikolinski (BBO # 687770)
Edward.mikolinski@klgates.com
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100
(617) 261-3175 (fax)

Dated: September 7, 2016