UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CORE BRANDS, LLC,
   Plaintiff,


        v.                              CIVIL ACTION NO.
                                       16-11830-DPW

DESIGNER AUDIO VIDEO,
DEPENDABLE AUDIO, ELECTRONICS
DROP SHIP, INC., ELEGANT
ELECTRONICS, INC., CONSUMER AV
GROUP, INC., THE HOUSE OF AUDIO
NJ, INC., AND JOHN DOE,
   Defendants.


**REPORT AND RECOMMENDATION RE:
PLAINTIFF'S MOTION FOR TRUSTEE PROCESS
ATTACHMENT UPON PAYPAL, INC.
(DOCKET ENTRY # 14)**


**April 28, 2017**

**BOWLER, U.S.M.J.**

On February 20, 2017, plaintiff Core Brands, LLC

("plaintiff" or "Core Brands") filed a motion for trustee

process attachment of "goods, effects and credits" of defendants

Designer Audio Video ("Designer AV") and Dependable Audio ("DA")

in the possession, custody, or control of PayPal, Inc.

("PayPal") in the amount of $200,000.  (Docket Entry # 14).

Although not labeled as an ex parte motion, the motion does not attach a certificate of service.[1]

### BACKGROUND

On September 7, 2016, Core Brands filed a complaint against Designer AV, DA, defendant Electronics Drop Ship, Inc. ("Electronics Drop Ship"), defendant Elegant Electronics, Inc. ("Elegant Electronics"), defendant Consumer AV Group, Inc. ("Consumer AV"), defendant House of Audio NJ, Inc. ("House of Audio"), and defendant John Doe (collectively "defendants"). The complaint alleges that Designer AV, DA, and Electronics Drop Ship sold "a variety of electronics equipment" and acted as "unauthorized reseller[s] of Core Brands products." (Docket Entry # 1). Elegant Electronics is "a prior registrant" of a website that Designer AV ("Designer AV website") uses to resell electronics equipment, according to the complaint. Consumer AV is purportedly a prior registrant of the Designer AV website and a website that DA uses to resell electronics equipment ("DA website"). (Docket Entry # 1). The complaint also alleges that House of Audio, "a former authorized Core Brands dealer," is

_____

[1] In the event of a default for failure to appear, Fed.R.Civ.P. 5(a) does not require service. See Fed.R.Civ.P. 5(a)(2). On the other hand, a judgment debtor has an interest in the attachment proceedings and Massachusetts law, which applies to post-judgment collection proceedings except to the extent a federal statute governs, see Fed.R.Civ.P. 69(a), requires notice. See Mass.R.Civ.P. 4.2; Smith v. Solomon & Solomon, P.C., 714 F.3d 73, 74 (1st Cir. 2013).

involved with Designer AV, DA, and Electronics Drop Ship.
(Docket Entry # 1).

Count I of the complaint alleges that defendants engaged in
"trademark infringement – unfair competition" in violation of
the Lanham Act, 15 U.S.C. § 1051.  (Docket Entry ## 1, ¶¶ 36-
37).  Count II alleges trademark infringement based on
counterfeiting in violation of the Lanham Act, 15 U.S.C. §
1147(1)(b).  Count III alleges a violation of Massachusetts
General Laws chapter 93A ("chapter 93A") as a result of
defendants' sales of Core Brands' products.  (Docket Entry # 1).

The complaint requests that the court "[p]reliminarily and
permanently enjoin [d]efendants," and instruct defendants to
"pay Core Brands the actual damages and profits realized" and
"the costs and attorney's fees incurred."  (Docket Entry # 1).
The complaint also seeks treble damages based on defendants'
knowing and willful conduct under chapter 93A, section 11.
(Docket Entry # 1).

On October 11, 2016, plaintiff filed a motion for an order
for alternative service of process.  (Docket Entry # 4).
Because defendants conduct only online business and Core Brands
was unable to locate defendants after a diligent search, the
court allowed the motion for alternative service through
electronic means using the email addresses provided on

defendants' websites.  See Fed.R.Civ.P. 4(e)(1); see also

Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 308, 314

(1950) (alternative service satisfies due process when it is

"reasonably calculated, under all the circumstances, to apprise

interested parties of the pendency of the action and afford them

an opportunity to present their objections").  Thereafter,

defendants failed to respond to the properly served summons and

complaint.

   At plaintiff's request, notices of default issued against

DA, Designer AV, and Electronics Drop Ship.  Plaintiff filed a

notice to voluntarily dismiss the remaining defendants on

December 28, 2016.  Plaintiff also filed a motion for a default

judgment and permanent injunctive relief as to DA, Designer AV,

and Electronics Drop Ship.  (Docket Entry # 12).  On January 24,

2017, the court granted plaintiff's motion for a default

judgment and entered a default judgment against these

defendants.  (Docket Entry # 13, ¶ 1).  Under the Order, all

goods and advertising with infringing markings were to be

"recalled, impounded, or destroyed pursuant to 15 U.S.C. §

1118," plaintiff was awarded damages of $200,000 from each

defendant pursuant to 15 U.S.C. § 1117(c)(1), and plaintiff was

awarded costs and reasonable attorneys' fees in bringing the

action.  (Docket Entry # 13).

On February 20, 2017, plaintiff filed the post-judgment motion for an ex parte trustee summons and attachment on the goods, effects, and credits of Designer AV and DA "that are in the possession, custody, or control of [PayPal] in the amount of $200,000.00 per [d]efendant." (Docket Entry # 14).

## DISCUSSION

In accordance with Fed.R.Civ.P. 64, ex parte trustee process is governed by Mass.R.Civ.P. 4.2(g) ("Rule 4.2(g)").[2] Even though the Massachusetts Rules of Civil Procedure allow for ex parte trustee attachment at the start of a civil action, they do not exclude the process post-judgment. See Commercial Printers of Connecticut, Inc. v. Letter-Men Publishing Company, 1998 WL 45402, at *1-3 (D.Mass. May 5, 1998). As such, trustee process is available where, as here, the court granted plaintiff's motion for a default judgment and permanent injunctive relief. See id.; accord Latorraca v. Taniki Fin. Corp., 2010 WL 3245365, at *2 (1st Cir. Aug. 18, 2010) (though attachment generally takes place pre-judgment, "'there appears to be no prohibition against a plaintiff seeking approval of a

---

[2] Under trustee process, the trustee holds the tangible property or credits of the defendant for the benefit of the plaintiff. Arlington Trust Co. v. Le Vine, 197 N.E. 195 (Mass. 1935). The attached property must be under the actual possession, as opposed to mere constructive possession, of the trustee. Brown v. Floersheim Mercantile Co., 92 N.E. 494 (Mass. 1910).

trustee attachment *after* judgment has entered'") (quoting Jordan
L. Shapiro et al., *Massachusetts Practice: Collection Law* § 5:54
(3d ed.) (unpublished).

Rule 4.2(g) provides for ex parte trustee process upon a
showing that "there is a reasonable likelihood that the
plaintiff will recover judgment in an amount equal to or greater
than the amount of the trustee process over and above any
liability insurance known or reasonably believed to be
available." Mass.R.Civ.P. 4.2(g). Logic nevertheless dictates
that not all procedures governing ex parte trustee process at
the commencement of a suit govern ex parte trustee attachment
post-judgment. See generally McCahey v. L.P. Investors, 774
F.2d 543, 548 (2d Cir. 1985) ("law of pre-judgment remedies,
while suggestive, does not automatically govern post-judgment
remedies"). Indeed, as posited in Latorraca, "It is not clear
what, if anything, must be shown to obtain a post-judgment
trustee attachment, since the plaintiff will have already
prevailed on the merits of the underlying claim." Latorraca v.
Taniki Fin. Corp., 2010 WL 3245365, at *2; see also McCahey v.
L.P. Investors, 774 F.2d at 548. Thus, "'Once plaintiff has in
fact recovered judgment, it appears that the plaintiff would be
able to satisfy the requirement of showing a "reasonable
likelihood" of recovery.'" Latorraca v. Taniki Fin. Corp., 2010
WL 3245365, at *2 (quoting Jordan L. Shapiro et al.,

*Massachusetts Practice: Collection Law* § 5:54 (3d ed.), in

parenthetical); see generally Ortiz-Gonzalez v. Fonovisa, 277

F.3d 59, 62-63 (1st Cir. 2002) ("defaulting party 'is taken to

have conceded the truth of the factual allegations in the

complaint as establishing the grounds for liability as to which

damages will be calculated'"); Eisler v. Stritzler, 535 F.2d

148, 153 (1st Cir. 1976) ("default judgment on the well-pleaded

allegations in plaintiff's complaint established . . .

defendant's liability"); Quinones v. MSA Records, Inc., 2010 WL

4273932, at *2 (D.P.R. Oct. 29, 2010), as amended (Nov. 2,

2010).

Accordingly, the default judgment established plaintiff's

entitlement to recover the amount of $200,000 from DA, Designer

AV, and Electronics Drop Ship as well as costs and reasonable

attorneys' fees.  The ruling therefore encompasses a reasonable

likelihood of success that plaintiff will recover this amount.

Hence, it is illogical to require plaintiff to establish a

likelihood of success on the merits.

Rule 4.2(c) requires service on defendant of "a copy of the

trustee summons in cases where attachment has been approved ex

parte."[3]  Mass.R.Civ.P. 4.2(c).  Rule 4.2(h) allows a defendant

_____

    [3]  In the event plaintiff seeks a trustee summons in the
future *and* does not serve Designer AV or DA with the filings,
plaintiff should address whether Fed.R.Civ.P. 5(a)(2) precludes

to file a motion to dissolve or modify the trustee process and

provides a hearing at which plaintiff has the burden to justify

"any finding in the ex parte order."  Mass.R.Civ.P. 4.2(h).[4]

Notably, Massachusetts law limits trustee process to

trustees that maintain a usual place of business in

Massachusetts.  See Mass. Gen. Laws ch. 246, § 1 ("individual

who is not an inhabitant of the commonwealth, or a foreign

corporation or association, *shall* not be so summoned unless he

or it has a usual place of business in the commonwealth")

(emphasis added); Mass. Gen. Laws ch. 246, ("[n]o person *shall*

be held to answer as a trustee in an action in a district court

. . . in any county other than that where he . . . has a usual

place of business") (emphasis added); Smith v. Solomon &

Solomon, P.C., 714 F.3d at 75-76.  The statutory requirements of

trustee process "are strictly enforced."  Mass.R.Civ.P. 4.2,

Reporter's Notes.  Here, PayPal has a registered agent in

Massachusetts.  (Docket Entry # 14-2).  Plaintiff, however,

fails to show that PayPal has a usual place of business in

Massachusetts.  Rather, plaintiff cites to a factual finding

---

such service in light of the default by Designer AV and DA.  See
fn. 1.
    [4]  Under Rule 4.2(g), issuance of a trustee summons prior to
notifying and providing a hearing for the defendant is not
constitutionally required.  See Dionne v. Bouley, 757 F.2d 1344,
1352 (1st Cir. 1985) (finding it "consistent with Mathews not to
require notice or hearing before a post-judgment attachment").

made in a May 2013 Report and Recommendation in <u>Bose Corporation</u> <u>v. Ejaz</u>, Civil Action No. 11-10629-DJC, No. 70 (D.Mass. May 10, 2013),[5] which was supported by an affidavit in that case. (Docket Entry # 14, pp. 3-4). The facts in <u>Bose</u> do not establish the facts in this case let alone the usual place of business of PayPal in April 2017.

Although the foregoing results in a recommendation to deny the motion without prejudice, plaintiff also fails to provide a "certificate . . . of the amount of any liability insurance which [it] knows or has reason to believe will be available to satisfy any judgment against the defendant in the action." Mass.R.Civ.P. 4.2(g); <u>see</u> <u>McCahey v. L.P. Investors</u>, 774 F.2d at 548. In addition, plaintiff fails to provide sufficient support for a finding that one of the three statutory conditions for ex parte trustee process exist. <u>See</u> Mass.R.Civ.P. 4.2(g)(i)-(iii).

CONCLUSION

In accordance with the foregoing discussion, this court **RECOMMENDS**[6] that the motion for trustee attachment (Docket Entry

---

[5] The opinion is attached to the motion for trustee process. (Docket Entry # 14-1).
[6] Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of receipt of the Report and Recommendation to which objection is made and the basis for such objection should be included. <u>See</u> Fed.R.Civ.P. 72(b). Any party may respond to another party's objections within 14 days after service of the objections. Failure to file

# 14) be **DENIED** without prejudice.

/s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge

---

objections within the specified time waives the right to appeal the order.